The Commissioners for the Liquidation of the Atchafalaya Rail Road and Banking Company *v.* Horace Bean and others.

To an action by the Commissioners, appointed under the act of 14th March, 1842, for the liquidation of a Bank, for the amount of a due bill, defendants pleaded in compensation a check in their favor, for an equal amount, drawn on the Bank by a depositor. The check was presented for payment on the 10th of March. A writ of sequestration had been issued against the Bank on the preceding day, but the judgment declaring the forfeiture of its charter was rendered on the 11th of the same month, and not signed until the 15th. *Held,* that the debts were extinguished by confusion on the 10th, when defendants, who were debtors for the amount of the due bill, became creditors for that of the check.

A note, though made payable in dimes, may be discharged by a payment in any other legal coin of the United States.

APPEAL from the District Court of the First District, *Buchanan,* J.

*Hoffman,* for the appellants.

*Barker,* for the defendants.

The opinion of the court was delivered by

MARTIN, J. The Commissioners of the Atchafalaya Bank are appellants from a judgment, which compels them to allow the amount of a check on the Bank, in compensation of its claim against defendants, on a due bill of equal amount with the check. The due bill bears date the 13th of January, 1842, and is for eight hundred

and ninety-five dollars, *in dimes, on demand.* There is on the back of it, a credit of ninety-five dollars. The check bears date the 10th of March, 1842, and is for eight hundred dollars. It is in proof that the drawers had money deposited in the Bank for a larger sum, and that the check was presented on the day of its date, and payment refused. At the time that the defendants received the check and presented it for payment, which was on the same day, to wit, on the 10th of March, 1842, there was no judgment of forfeiture. The writ of sequestration against the Bank had been issued and served on the 9th; but the judgment of forfeiture was not given until the 11th of March, and was signed only on the 15th. The defendants being then, to wit, on the 10th of March, creditors of the Bank for eight hundred dollars on the check, and debtors for the same sum on the due bill, the debt was extinguished by confusion; the law itself, without any act of the parties, operating the compensation. Civ. Code, arts. 2203, 2204, 2205, and 2214.

The circumstance of the note being payable in dimes, is perfectly immaterial. It might have been discharged by the payment of eighty eagles, eight hundred dollars, or eight thousand dimes.

BULLARD, J. I concur fully in the opinion just delivered; and although the case does not, perhaps, call for such an expression of opinion, yet I think it clear that the legislature cannot constitutionally, by any act subsequent to the creation of a debt, interfere to change or disturb the relation between debtor and creditor, or the relative rank of creditors *inter se ;* and that two creditors who stood equal originally in the eyes of the law, and had an equal right to be paid, neither having any special lien or privilege over the other, must forever remain equal, notwithstanding any act of the legislature, apparently sanctioning a different doctrine. I conclude that the section of the act of 1842, relative to the taking in payment of the notes of the Bank, was never intended by the legislature to place the bill holder upon a more favorable footing than the depositor, when they occupied originally the same rank as creditors of the Bank.

*Judgment affirmed.*